Dear Ms. Glaviano:
You have requested an opinion of this office concerning the relationship between La. R.S. 37:977 and Article VII, Section2.1(A) of the Constitution of Louisiana. More specifically you ask if Article VII, Section 2.1(A) prevents the Louisiana State Board of Practical Nurse Examiners (LPN Board) from raising fees without going back to the legislature for approval where the fees are within the range specified in La. R.S. 37:977.
Article VII, Section 2.1(A) states the following: "Any new fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature."
La. R.S. 37:977, which was passed by a two-thirds vote of the legislature, provides that "the LPN Board is authorized, by rule promulgated in accordance with the Administrative Procedure Act, to establish fees and costs which shall be within range prescribed by the following schedule:"
We could find no law, case or other impediment which would prevent the LPN Board from following the clear and unambiguous statement of La. R.S. 37:977. La. C.C. Article 9 states "when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
In summary, since La. R.S. 37:977, which establishes the range of fees, was enacted by a two-thirds vote of the legislature, the LPN Board may raise fees or *Page 2 
costs, if said increases are within the range prescribed by the schedule set forth in the statute and where the rule to make the change is promulgated in accordance with the Administrative Procedure Act.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ___________________________
 CHARLES F. PERRY
 Assistant Attorney General